IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK12-42692-TJM |
| ) | |
| MITCHELL ASHCROFT HUGGINS and ) | CHAPTER 11 |
| ROXANNE MICHELE HUGGINS, ) | |
| ) | |
| Debtor(s). ) | |

ORDER

Hearing was held in Omaha, Nebraska, on July 22, 2013, regarding Fil. #51, Disclosure Statement, filed by the debtors, Fil. #52, Chapter 11 Plan, filed by the debtors, Fil. #69, Objection to Confirmation of Plan, filed by Gary Koyen, and Fil. #70, Objection to Disclosure Statement, filed by Gary Koyen. P. Stephen Potter appeared for the debtors and Christopher Wickham appeared for Gary Koyen.

The debtors have filed a disclosure statement and a plan in this Chapter 11 case. Creditor Gary Koyen has objected to both the disclosure statement and the plan. Mr. Koyen is the prior owner of the Comstock Lodge, which he sold to the debtors and which is in the business of contracting with individuals and groups for hunting trips on the real estate owned and leased by the business. In addition, the lodge is used as a bed and breakfast facility.

Mr. Koyen and the debtors do not agree on the history of the business from the time the debtors purchased it, and, because the debtors' payment history with Mr. Koyen is spotty and the plan proposes to sell certain real estate in Montana to pay all or part of Mr. Koyen's debt, he believes the plan's treatment of his debt is inappropriate.

Mr. Koyen has challenged the valuation of the assets and the ability of the debtors to cash-flow the plan payments as proposed.

The confirmation of a Chapter 11 plan requires a finding by the court that the debtor is unlikely to liquidate or need further financial reorganization. 11 U.S.C. § 1129(a)(11). This is commonly known as the "feasibility requirement," and as a practical matter requires the court to find that a plan is workable. Danny Thomas Properties II Ltd. P'Ship v. Beal Bank, S.S.B. (In re Danny Thomas Properties II Ltd. P'Ship), 241 F.3d 959, 962 (8th Cir. 2001). The debtor bears the burden of establishing the feasibility of the plan by a preponderance of the evidence, by showing that the plan has a reasonable probability of success. In re Am. Trailer & Storage, Inc., 419 B.R. 412, 420-21 (Bankr. W.D. Mo. 2009). To determine whether the plan has a reasonable probability of success, the court analyzes the debtor's projected income and expenses compared to actual performance, and considers the experience and ability of management, the adequacy of capital resources, and reasonably anticipated liquidity. Euerle Farms, Inc. v. State Bank in Eden Valley (In re Euerle Farms, Inc.), 861 F.2d 1089, 1091 (8th Cir. 1988) (a Chapter 12 case); In re Apex Oil Co., 118 B.R. 683, 708 (Bankr. E.D. Mo. 1990).

From the monthly operating reports filed in the case, it appears that the debtors have been bringing in sufficient cash from the operation of the business, plus income received by Mrs. Huggins' insurance business, to cover the obligations as proposed in the plan. Admittedly, some of the plan payments rely upon the ability to sell certain real estate in Montana, and the timing of

such sales and the net proceeds from such sales are speculative at this time. Nonetheless, the cash flow appears sufficient to handle all payments to secured creditors but for Mr. Koyen, who will be relying upon the sale of the Montana properties.

Mr. Koyen also objects to the disclosure statement. A disclosure statement is intended to provide information sufficient to enable a hypothetical investor to make an informed judgment about whether to accept the plan. § 1125(a)(1). Here, the disclosure statement contains sufficient information for the parties to make a determination as to whether they should vote in favor of the plan. Although the plan appears to lump all secured claims into Class V, which is not appropriate, the plan does separately deal with each secured claim and each has voted in favor of plan confirmation, except for Mr. Koyen who has voted against plan confirmation.

The debtors' plan contains six classes of creditors. The first two are administrative claims and priority claims for state income taxes. The third class consists of five priority claims for property taxes in the amount of $33,969.65. One creditor, with a claim of $973.01, accepted the plan. There is no fourth class. The fifth class consists of the secured claims of Farm Credit Services of America, in the principal amount of $777,187.99; JPMorgan Chase Bank, N.A., in the principal amount of $101,067.60; and Mr. Koyen and Becca O'Connor, in the amount of $120,000. Farm Credit Services and JPMorgan Chase Bank have accepted the plan. The sixth class is made up of nine unsecured and under-secured creditors, including Mr. Koyen, with claims totaling $204,688.85. According to the ballot report, four creditors in this class holding $88,747.99 in claims accepted the plan, while one creditor, holding $120,000 in claims, rejected it. The seventh class consists of the debtors. All of the classes, except the administrative claimants, are considered impaired.

For a class of claims to accept the plan, at least two-thirds in amount and more than half of the number of the allowed claims of that class which vote must vote to accept the plan. § 1126(c). It appears that the only class to reject the plan is the class of unsecured and under-secured creditors.

Under appropriate circumstances, the court may confirm a plan over a creditor's dissent. § 1129(b). This non-consensual confirmation is called a "cram-down" and requires the debtor to show that plan does not discriminate unfairly with respect to each class of claims or interests that is impaired under, and has not accepted, the plan. In other words, the plan should not treat similar claims differently without a reasonable basis for the disparate treatment. In re Hoffinger Indus., Inc., 321 B.R. 498, 505 (Bankr. E.D. Ark. 2005). There is generally a reasonable basis for treating secured claims differently from one another because secured claims usually are secured by different collateral and therefore warrant distinct treatment. Am. Trailer & Storage, 419 B.R. at 443 (citing In re Buttonwood Partners, Ltd., 111 B.R. 57, 63 (Bankr. S.D.N.Y. 1990)).

To be considered fair and equitable to a class of secured claims, the plan must provide that the holders of secured claims retain the liens securing such claims and receive the value of such claims in deferred cash payments, or, if collateral is to be sold, then the liens should attach to the proceeds. § 1129(b)(2)(A). Here, the plan states the debtors' intention to sell the collateral securing Mr. Koyen's debt and pay his claim with the proceeds.

Both the disclosure statement and the plan comply with the statutory requirements regarding information and feasibility and the treatment of unsecured and under-secured claims.

Therefore, Mr. Koyen's objections to the disclosure statement and the plan are denied. The plan may be confirmed.

Counsel for the debtors is requested to submit a proposed confirmation order with the language specifically approving the stipulations which have been previously entered into with Farm Credit Services, JP Morgan Chase Bank, N.A., and Situs, LLC.

IT IS ORDERED that the objections to the disclosure statement and the plan filed by Mr. Koyen, Fil. #69 and Fil. #70, are denied. The debtors' plan, Fil. #52, will be confirmed by a separate order.

DATED:      August 21, 2013

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
　*P. Stephen Potter
　Christopher Wickham
　U.S. Trustee

* Movant is responsible for giving notice to other parties if required by rule or statute.